UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CERTAIN UNDERWRITERS
AT LLOYD'S, LONDON,
SUBSCRIBING TO POLICY
NUMBER W3161F220101,**

    Plaintiffs,

v.                                             Case No. 8:24-cv-0340-KKM-AAS

**MEADOW PARK INDEPENDENT
LIVING, INC,**

    Defendant.
_____/

## ORDER

Plaintiffs Certain Underwriters at Lloyd's, London (Underwriters) request the court quash three non-party subpoenas issued by Defendant Meadow Park Independent Living, Inc. (Meadow Park). (Doc. 25). Meadow Park responds in opposition alleging Underwriters failed to adequately confer with Meadow Park before filing the instant motion. (Doc. 30). Meadow Park further alleges the motion to quash is moot as they have agreed to withdraw the subpoenas. (Doc. 30, p. 2).

Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the

opposing party in a good faith effort to resolve the motion. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000); *see also See Fox v. Lake Erie Coll. of Osteopathic Med., Inc.*, No. 8:19-CV-2795-T-60AAS, 2021 WL 9594006, at *1 (M.D. Fla. Sept. 9, 2021) ("This pre-filing requirement contemplates a substantive discussion, not a one-way communication[.]"). Although the issue is moot because Meadow Park agreed to withdraw the three non-party subpoenas at issue, Underwriters are reminded of the substantive conferral requirements of Local Rule 3.01(g) and must conform to these requirements prior to filing future motions.

Accordingly, Underwriters' Motion to Quash (Doc. 25) is **DENIED without prejudice** to be refiled, if necessary, in accord with the Local Rules.

**ORDERED** in Tampa, Florida on August 14, 2024.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

2